IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY and LAURIE FINNEGAN and § | | |
| RALPH and KATHLEEN MORIARTY § | | PLAINTIFFS |
| § | | |
| v. § | | Civil Action No. 1:07CV1100-LG-RHW |
| § | | |
| HW GULFPORT CONDOS, LLC, § | | |
| A Georgia Limited Liability Company § | | DEFENDANT |

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

**BEFORE THE COURT** is the Motion to Remand [4] filed by Plaintiffs Timothy and Laurie Finnegan and Ralph and Kathleen Moriarty. Plaintiffs are citizens of the State of Mississippi who currently reside in Florida. Defendant is a Georgia Limited Liability Company that constructed a condominium complex on Beach Boulevard in Gulfport, Mississippi. In this Motion to Remand, the Court is asked to interpret a forum selection clause contained in a condominium purchase agreement. Upon reviewing the submissions of the parties and the relevant law, the Court finds that Plaintiffs' Motion should be denied.

Plaintiffs filed this lawsuit in the Chancery Court of Harrison County, Mississippi, First Judicial District. Defendant removed the case to this Court. According to the Plaintiffs, the Defendant breached the Preconstruction Purchase and Escrow Agreement. Plaintiffs argue that they relied on representations made by Defendant that each condominium unit had a view of the Gulf of Mexico. Plaintiffs allege that view from the condominium unit they agreed to purchase is obstructed by a large billboard. Upon discovery of the obstructed view, Plaintiffs refused to proceed with the real estate closing and refused to pay the remainder of the purchase price for the property. Plaintiffs demand that Defendant return the $86,540.00 in earnest money paid upon entering into the Agreement. Defendant has filed a counter-claim, seeking specific performance

of the Agreement. The total purchase price for the unit is $432,700.00.

Plaintiffs assert that this action should be remanded to the Chancery Court of Harrison County, Mississippi, pursuant to a forum selection clause contained in the Preconstruction Purchase and Escrow Agreement. Plaintiffs apparently concede that the parties are citizens of different states and the amount in controversy exceeds $75,000.

The Preconstruction Purchase and Escrow Agreement provides that:

> "Any dispute regarding this instrument or any other document or matter related to the purchase of a unit shall be governed by the laws and statutes of the State of Mississippi, and jurisdiction and venue for such dispute shall be in Harrison County."

(Ex. A to Def.'s Resp. at ¶33).

The right of removal is a statutory right. 28 U.S.C. § 1441. However, " a party may waive its removal rights by contract– even without use of "explicit words, such as 'waiver of right of removal.'" *Collin County, Tex. v. Siemans Bus. Servs., Inc.*, 2007 WL 2908926 at \*4 (5th Cir. Oct. 3, 2007) (quoting *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001)). Contractual clauses must be mandatory, rather than permissive, in order to waive the right of removal. *Collin County*, 2007 WL 2908926 at \*4. In order to determine whether a forum selection clause requires the parties to litigate a dispute in the named forum, a court must determine whether the forum selection clause is mandatory or permissive. *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994). If the clause is mandatory, the court will then determine whether the clause is enforceable. *Willingham*, 17 F.3d at 127. "A mandatory forum selection clause has express language limiting the action to the courts of a specific locale which is clear, unequivocal and mandatory." *Bentley v. Mut. Benefits Corp.*, 237 F. Supp. 2d 699, 701 (S.D. Miss. 2002) (citing *Willingham*, 17 F.3d at 128). The issue before this Court is whether

the forum selection clause mandates venue in a Harrison County, Mississippi state court, or whether it allows the case to be brought in the United States District Court in Harrison County, Mississippi.

In *Collin County*, the Fifth Circuit rejected the notion that when a forum selection clause refers to a county rather than a district, the right of removal is waived. *Id.* The Court held that the use of the term "county" rather than "district" falls short of a clear and unequivocal waiver of federal jurisdiction. *Id.* at *5. Forum selection clauses, such as the clause at issue in this case, have been interpreted to permit litigation in either the state or federal court. *See Collin County*, 2007 WL 2908926 at *4-5; *Alliance Health Group, LLC v. Bridging Health Options, LLC*, 2007 WL 1746678 (S.D. Miss. June 14, 2007); *Regis Assoc. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195-96 (6th Cir. 1990); *Links Design, Inc. v. Lahr*, 731 F. Supp. 1535, 1536 (M.D. Fla. 1990); *City of New York v. Pullman, Inc.*, 477 F. Supp. 438, 442 (S.D.N.Y. 1979); *Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers v. Koski Constr. Co.*, 474 F. Supp. 370, 371-72 (W.D. Pa. 1979); *Truserv Corp. v. Prices Ilfeld Hardware, Co.*, 2001 WL 1298718 (N.D. Ill. Oct. 24, 2001).

In , *Dixon v. TSE Intern. Inc.*, 330 F.3d 396, 397 (5th Cir. 2003), the forum selection clause provided that the parties agreed to litigate all relevant disputes in the "Courts of Texas." The court explained that Texas federal courts are geographically located *in* Texas but are not courts *of* Texas since the term *of* denotes possession. *Id.* at 398. In an unpublished opinion the court held that a forum selection clause requiring venue in a certain county constituted a waiver of the right of removal where there was no federal court sitting in that county. *Argyll Equities, LLC v. Paolino*, 211 Fed. Appx. 317 at *319 (5th Cir. Dec. 28, 2006). Both cases are

distinguishable from the facts *sub judice*.

The forum selection clause at issue here merely requires that venue be *in* Harrison County. The United States District Court for the Southern District of Mississippi is in Harrison County, Mississippi. Since the forum selection clause does not contain a clear and unequivocal waiver of the right of removal, and it does not clearly and unequivocally require that venue be located in a state court in Harrison County, Mississippi, venue is proper in this Court. Plaintiffs' Motion to Remand must therefore be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand [4] is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Rule 16.1 (B)(2)(b) of the RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI, the parties shall promptly notify the magistrate judge of this order and shall promptly submit an order lifting the stay entered in this matter on November 9, 2007.

**SO ORDERED AND ADJUDGED** this the 7th day of January, 2008.

        s/ *Louis Guirola, Jr.*
        LOUIS GUIROLA, JR.
        UNITED STATES DISTRICT JUDGE